**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

MARILYN COLEY                                                                                        PLAINTIFF

v.                                    No. 4:09CV00118 JLH

STATE OF ARKANSAS; THE CITY OF NORTH
LITTLE ROCK, ARKANSAS; NORTH LITTLE
ROCK CODE ENFORCEMENT DEPARTMENT;
TOM WADLEY, Director of the North Little Rock
Code Enforcement; and PATRICK H. HAYS, Mayor of
North Little Rock, Arkansas                                     DEFENDANTS

**OPINION AND ORDER**

Marilyn Coley filed a notice of removal by which she removed an action pending in the District Court of North Little Rock, Arkansas, to this Court. North Little Rock has filed a motion to remand and has shown that the action pending in the District Court of North Little Rock is one in which Coley has been issued a citation for violation of the North Little Rock Code.

Coley's notice of removal cites 28 U.S.C. § 1443 as the basis for her removal. That statute provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place where in it is pending:
>   (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>   (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

The Supreme Court has held:

> Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will

inevitably be denied by the very act of bringing the defendant to trial in the state court.

*City of Greenwood, Mississippi v. Peacock*, 384 U.S. 808, 828, 86 S. Ct. 1800, 1812, 16 L. Ed. 2d 944 (1966).  Nothing before the Court indicates that this is one of those rare situations in which it can be predicted that Coley's federal rights inevitably will be denied by the very act of bringing her to trial in the state court.  Therefore, § 1443(1) does not apply.

Section 1443(2) provides for removal by federal officers and those acting under them.  *Id*. at 821, 86 S. Ct. at 1809.  Coley does not allege that she is a federal officer or acting under a federal officer, so § 1443(2) does not apply.

Coley also cites 28 U.S.C. § 1441 in her notice of removal.  The Court has not found a basis for removal under that statute.  She also cites 28 U.S.C. §§ 1330, 1331, and 1345.[1]  Section 1330 provides that district courts will have jurisdiction over civil actions against foreign states.  That statute has no application here.  Section 1331 provides that the district court shall have original jurisdiction of civil actions arising under the constitution, laws, or treaties of the United States.  Here, the action arises under the North Little Rock Code, not under the laws of the United States, so § 1331 does not apply.  Section 1345 provides that the district courts have original jurisdiction of all suits commenced by the United States or any agency or officer thereof.  However, the action against Coley was commenced by the City of North Little Rock, not by the United States or any agency or officer thereof.  Therefore, § 1345 does not apply.

---

[1] Coley's notice of removal actually cites 42 U.S.C. §§ 1330, 1331, and 1345, but there are no provisions in the United States Code corresponding to those citations.  The Court believes that her citation is simply a typographical error and therefore has reviewed 28 U.S.C. §§ 1330, 1331, and 1345, to see if there is a basis for jurisdiction under those statutes.

After careful review, the Court has concluded that it has no jurisdiction over this matter. Therefore, the motion to remand is GRANTED. Document #6. All other pending motions are denied as moot.

IT IS SO ORDERED this 3rd day of April, 2009.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE